James L. TAYLOR, Plaintiff,

v.

UNITED STATES of America et al.,
Defendants.

No. 74 C 840.

United States District Court,
N. D. Illinois, E. D.

June 6, 1975.

Jerome Feldman, Chicago, Ill., for plaintiff.

James Thompson, U. S. Atty. by Carol Mosley, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This cause comes before the Court on motions by plaintiff and defendants for summary judgment. There being no factual question, the issue will be decided as a matter of law.

The action is brought pursuant to 28 U.S.C. § 1331 on behalf of a purported class of veterans who allegedly have, or will be, denied hospital or domiciliary benefits by virtue of Section 2.08(b)(1) of the Veterans Administration Department of Medicine & Surgery Regulations. That interpretive regulation, appearing in the Department of Medicine & Surgery Regulations Manual M-2, Part X, Chapter 2 states:

b. *Patients Under Criminal Charges*

(1) A veteran under criminal charges, or in the custody of civil authorities, does not forfeit any right he may have to hospital or domiciliary care by the Veterans Administration. However, the veteran must be in a position to accept hospital or domiciliary care if it is proffered to him by the Veterans Administration. Charges will have to be dropped, and/or the veteran paroled or released unconditionally to the Veterans Administration. If the veteran is paroled by the court, he may be accepted only if there is no obligation to restore him thereafter to the custody of the civil authorities. This does not preclude advising the civil authorities of the

contemplated date of discharge when requested.

Plaintiff, James L. Taylor, was denied admission to the Veterans Administration Hospital because he was then in custody of the State of Illinois Department of Corrections pending disposition of a criminal charge for which he was unable to make bond.

On March 26, 1974 plaintiff obtained an emergency order from another judge of this Court which 1) directed the VA to accept Taylor for care and 2) temporarily restrained enforcement of Section 2.08(b)(1) of the Department of Medicine & Surgery Regulations.

The issue in the motions for summary judgment is whether Section 2.08(b)(1) is constitutional as applied. The precise question is whether the Veterans Administration may refuse to accept a patient, otherwise eligible, solely on grounds that said patient is in civil custody. Inherent in a finding that refusing to admit the patient is unconstitutional is the corollary that custody of the patient may be thrust upon the Veterans Administration.

When this Court issued the temporary restraining order, it did so on that premise that, but for pendency of criminal charges, plaintiff would be entitled to medical care. The order did not distinguish between an accused being in custody awaiting disposition of the pending criminal charges and an accused out on bond.

The question now is whether the Veterans Administration may be charged not only with the treatment of a patient, but with his custodial care as well while criminal charges are pending against him. This Court is of the opinion it cannot.

Veterans Administration Hospitals are medical facilities and are not designed for incarceration of individuals against whom criminal charges are pending.

■ Section 2.08(b)(1) is a reasonable exercise of rule-making power pursuant to statutory authority and is not unconstitutional as applied. This is not to say that a veteran released on bond pending disposition of a criminal charge may be refused admission if other entry requirements are satisfied. There is no custodial duty imposed on the Veterans Administration where the patient is under bond. Any required appearances or obligations are then the responsibility of the patient, not the Veterans Administration.

■ Deprivation of the right to medical treatment from a non-custodial facility is no more a denial of due process than denial of liberty to an accused unable to make bail. The common thread is that if and when the accused is able to make bail, he regains not only his right to liberty, but also his right to medical care from the facility of his choice.

The Veterans Administration has the power under the enabling legislation to make reasonable rules for providing hospital care. It has reasonably concluded that accepting custodial responsibility for individuals against whom criminal charges are pending is outside its function as a hospital.

Defendants' motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied.